UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEMMY SANJAYA, JIMMY HARTAWAN,
[No First Name] CHENDANI and
VICKY HARTANA, et al., on behalf
of themselves and others similarly situated,

      Plaintiffs,      Case No.: CV-12-4500

               Daniels, J.
     v.            Gorenstein, M.J.


INAKAYA USA, INC.,
INAKAYA NEW YORK LLC,
MUNDY NEW YORK INC.,
JUN PETERS HORIUCHI,
YU KOYAMA and HIRO MATSUMOTO,,

      Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
AND APPROVAL OF PROPOSED NOTICE OF SETTLEMENT**


**LEE LITIGATION GROUP, PLLC**

C.K. Lee
30 East 39th Street, 2nd Floor
New York, New York 10016
Telephone: (212) 465-1188

i

# TABLE OF CONTENTS

Page

Table of Authorities………………………………………………………………………....iv

PRELIMINARY STATEMENT……………..………………………………………......1

FACTUAL AND PROCEDURAL BACKGROUND…………………………………………1

    I.      Procedural History……………………………………………………………...1

    II.     Overview of Investigation and Discovery…………………………………….2

    III.    Settlement Negotiations & Further Discovery………………………………..2

    IV.    Attorneys' Fees and Litigation Costs…………………………………………3

    V.     Service Awards……………………………………………………………….3

    VI.    Administration Fees………………………………………………………...4

ARGUMENT……………………………………………………………………………….5

    I.      Preliminary Approval of the Settlement Is Appropriate……………………….5

          A. The Settlement Is Fair, Reasonable, and Adequate……………………….7

                1.     Litigation Through Trial Would be Complex, Costly, and Long (*Grinnell* Factor 1)……………………………………………………..7

                2.     The Reaction of the Class Has Been Positive (*Grinnell* Factor 2)………….8

                3.     Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*Grinnell* Factor 3)……………………………………..9

                4.     Plaintiff Would Face Real Risks if the Case Proceeded (*Grinnell* Factors 4 and 5)……………………………………………………………………..9

                5.     Establishing a Class and Maintaining It Through Trial Would Not Be Simple (*Grinnell* Factor 6)……………………………………...……….10

6. Defendants' Ability to Withstand a Greater Judgment Is Not Clear (*Grinnell* Factor 7)………………………………………………………...………….10

7. The Settlement Fund Is Substantial, Even in Light of the Best Possible Recovery and the Attendant Risks of Litigation (*Grinnell* Factors 8 and 9)11

II. The Proposed Notice Is Appropriate………………………………………………12

   A. The Proposed Notice Satisfies Due Process……………………………………..12

   B. The Notice Plan and Award Distribution Process Are Appropriate……………..13

CONCLUSION………………………………………………………………………………..13

# TABLE OF AUTHORITIES

## CASES

Page(s)

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974)…………………………………….7

*Clark v. Ecolab, Inc.*,
2009 WL 6615729 (S.D.N.Y. Nov. 27, 2009)……………………………………..……5

*D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001)……………………….……………..8

*Diaz v. E. Locating Serv. Inc.*,
2010 WL 2945556 (S.D.N.Y. July 22, 2010)……………………………………………....3

*Frank v. Eastman Kodak Co.*, 228 F.R.D. 174 (W.D.N.Y. 2005)……………………..…….6,11,12

*Gilliam v. Addicts Rehab. Ctr. Fund*,
2008 WL 782596 (S.D.N.Y. Mar. 24, 2008)……………………………………...……..3

*In re Austrian & German Bank Holocaust Litig.*,
80 F. Supp. 2d 164 (S.D.N.Y. 2000)……………………………………..…………....8,9,11

*In re EVCI Career Colls. Holding Corp. Sec. Litig.*,
2007 WL 2230177 (S.D.N.Y. July 27, 2007)………………….…………………………...6

*In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57 (S.D.N.Y. 1993)………..…………12

*In re Top Tankers, Inc. Sec. Litig.*,
2008 WL 2944620 (S.D.N.Y. July 31, 2008)…………………….…………………....6

*In re Traffic Executive Ass'n*, 627 F.2d 631 (2d Cir. 1980)…………………………………......6

*In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516 (3d Cir. 2004)……………...............……5, 9

*Joel A. v. Giuliani*, 218 F.3d 132 (2d Cir. 2000)…………………….…………….……..12

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982)………….…..……6

*Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072 (2d Cir. 1998)……………..…..5

*Newman v. Stein*, 464 F.2d 689 (2d Cir. 1972)…………………………………………….11

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96 (2d Cir. 2005)………………………..5, 6

*Willix v. Healthfirst, Inc.*,
2011 WL 754862 (E.D.N.Y. Feb. 18, 2011)……………..……………………………..…….3

*Wright v. Stern*, 553 F. Supp. 2d 337 (S.D.N.Y. 2008)……………...……………………..6

## STATUES AND REGULATIONS

Page(s)

Fed. R. Civ. P. 23(c)(2)(B)………………………………………………………………...…11,12

Fed. R. Civ. P. 23(c)(3) ………………………………………………………...…… 12

Fed. R. Civ. P. 23(h) ……………………………………………………………………..……...3

Fed. R. Civ. P. 54(d)(2) ………………………………………………………..……....3

29 U.S.C. § 216(b). ………………………………………………………………….......1

## PRELIMINARY STATEMENT

Subject to Court approval, Plaintiffs Jemmy Sanjaya, Jimmy Hartawan, [No first Name] Chendani and Vicky Hartana et al. ("Plaintiffs") and Defendants Inakaya USA, Inc., Inakaya New York LLC, Mundy New York Inc., Jun Peters Horiuchi, Yu Koyama and Hiro Matsumoto (the "Defendants," and together with Plaintiffs, the "Parties"), have settled this wage and hour class and collective action for $150,000. The settlement satisfies all of the criteria for preliminary approval.

Plaintiffs respectfully requests that the Court: (1) grant preliminary approval of the Settlement Agreement and Release ("Settlement Agreement") attached as Exhibit A to the Declaration of C.K. Lee ("Lee Declaration"), and (2) approve the Notice of Pendency of Class Action and Proposed Settlement ("Proposed Notice"), attached as Exhibit B to the Lee Declaration.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Procedural History

A Class Action Complaint was filed against Defendants on June 8, 2012 pursuant to Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b), alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs alleged that they and similarly situated employees were not properly paid their minimum wage, overtime, spread of hours and also were owed statutory penalties. On August 14, 2012 Plaintiffs filed a First Amended Class and Collective Action Complaint. Plaintiffs filed a motion for collective certification on August 14, 2012 which was fully briefed as of September 6, 2012.

## II. Overview of Investigation and Discovery

Plaintiffs conducted a thorough investigation of the claims and defenses, focusing on the underlying merits of class members' claims, the damages to which they were entitled, and the propriety of class certification. Through discovery, Plaintiffs received and analyzed comprehensive documentation, including work records and personnel documents. Defendants also produced data regarding the number of workers in the class, their average number of workweeks, and their base hourly wage. Based on this discovery, Plaintiffs were able to perform damages calculations and assess their claims and Defendants' defenses.

## III. Settlement Negotiations & Further Discovery

The Parties engaged in extensive negotiations and discovery. The formal parameters of the settlement were the result of heated negotiations. In addition to numerous informal telephone conferences for settlement, the parties also engaged in in person settlement conferences on the following dates: October 1, 3, 4 and 8, 2012. Although settlement was unsuccessful at such conferences, the Parties' counsel engaged further in a series of telephonic conferences that culminated in a settlement in principle on February 5, 2013. If the parties had not been able to settle amicably, the parties would have conducted further depositions in California.

The parties would have deposed experts and further witnesses as part of class discovery. In addition to the fully briefed motion for conditional certification, Plaintiffs would have moved for class certification pursuant to Fed. R. Civ. P. 23. Because of the uncertainty of Plaintiff's legal position, and the vagaries of trial, the Parties agreed to the settlement of $150,000.

## IV. Attorneys' Fees and Litigation Costs

Consistent with the Settlement Agreement, Plaintiffs' counsel will apply for reimbursement from the Settlement Fund for their litigation costs, and for attorneys' fees equal

to thirty three and a third percent of the Settlement Fund.[1]  Plaintiffs have requested preliminary approval of Plaintiffs' legal fees.  Based on a Settlement Fund of $150,000, Plaintiffs will be requesting attorney's fees and expenses of $50,000.  Pursuant to Federal Rules of Civil Procedure 23(h) and 54(d)(2), Plaintiffs' counsel will subsequently file a formal Motion for Approval of Attorneys' Fees and Reimbursement of Expenses.

## V.     Service Awards

Named Plaintiffs Jemmy Sanjaya, Jimmy Hartawan, [No First Name] Chendani and Vicky Hartana will apply for service awards, in recognition of the services they rendered on behalf of the Class.  Named Plaintiffs have served the Class well by assisting with the factual investigation of the claims and by shouldering the risks.  Plaintiffs' counsel was in constant communication with the Named Plaintiffs throughout the litigation process.  Named Plaintiffs were prepared intensively for deposition.  Each of the Named Plaintiffs were deposed.  Plaintiffs will move for Court approval of the service awards simultaneously with their Motion for Final Approval of the Settlement, as follows: Jemmy Sanjaya $4,950; Jimmy Hartawan $12,750; [No First Name Chendani] $10,000; Vicky Hartana $6,400.  Plaintiffs will also apply for service awards for the opt-in claimants, as follows: Witchayaporn Pastan $2,300; Arisara Supsomboon $1,800; Jimmy Soependi Tjendraputro $5,000; and Raymond Petrus $1,800.  The opt-in plaintiffs were responsible, thorough, responsive and eminently helpful from the inception of

---

[1]     Attorneys' fees in this range are commonly awarded in wage and hour class and collective litigation of this type. *See, e.g., Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *7 (E.D.N.Y. Feb. 18, 2011) ("Class Counsel's request for 33 1/3% of the fund is reasonable and 'consistent with the norms of class litigation in this circuit.'") (citing *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 WL 782596, at *5 (S.D.N.Y. Mar. 24, 2008)); *Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 4082, 2010 WL 2945556, at *7 (S.D.N.Y. July 22, 2010) (same).  *Han et al. v. Sterling National Mortgage Company, Inc. et al.* No. 09 Civ. 5589 (E.D.N.Y. Aug. 9, 2012) (approving 36% to class counsel).

their participation in this case. Their participation supported Named Plaintiffs' allegations and also provided a potential source of representative class testimony at trial.

## VI.     Administration Fees

The Parties have agreed to retain CPT Group (the "Settlement Administrator") to administer the class settlement. The duties of the Settlement Administrator shall include contacting prospective class members, paying out the Settlement Fund, and administering all aspects of the class settlement. The Settlement Administrator is a third party entity. The Parties have agreed to fees of $10,000 to the Settlement Administrator, which is consistent with prevailing market rates. The parties have requested approval of the Settlement Administrator's administration fees.

## ARGUMENT

## I.     Preliminary Approval of the Settlement Is Appropriate

The law favors compromise and settlement of class action suits. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements, particularly in the class action context") (internal quotation marks omitted); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004) ("there is an overriding public interest in settling class action litigation, and it should therefore be encouraged"); *see also Newberg* § 11.41 ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").

The approval of a proposed class action settlement is a matter of discretion for the trial court. *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). In

exercising this discretion, courts should give "proper deference to the private consensual decision of the parties." *Clark v. Ecolab, Inc.*, Nos. 07 Civ. 8623, et al., 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (internal quotation marks omitted). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation[.]" *Clark*, 2009 WL 6615729, at *3 (internal quotation marks omitted).

Preliminary approval, which is what Plaintiffs seek here, requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Clark*, 2009 WL 6615729, at *3 (citing *Newberg* § 11.25). To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Newberg* § 11.25 ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness . . . and appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to class members).

"Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005). "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores*, 396 F.3d at 116 (internal quotation marks omitted); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in

settlement as indicia of fairness); *Wright v. Stern*, 553 F. Supp. 2d 337, 343 (S.D.N.Y. 2008) (same).

If the settlement was achieved through experienced counsels' arm's-length negotiations, "[a]bsent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007); *see also In re Top Tankers, Inc. Sec. Litig.*, No. 06 Civ. 13761, 2008 WL 2944620, at *3 (S.D.N.Y. July 31, 2008) (same).

Preliminary approval is the first step in the settlement process. It simply allows notice to issue to the class and for class members to object or opt out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input.

### A. **The Settlement Is Fair, Reasonable, and Adequate**.

In evaluating a class action settlement, courts in the Second Circuit generally consider the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). Although the Court's task on a motion for preliminary approval is merely to perform an "initial evaluation," *Newberg* § 11.25, to determine whether the settlement falls within the range of possible final approval, or "the range of reasonableness," *id.* at § 11.26, it is useful for the Court to consider the criteria on which it will ultimately judge the settlement.

The *Grinnell* factors are (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages;

6

(6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. 495 F.2d at 463. All of the *Grinnell* factors weigh in favor of approval of the Settlement Agreement, and certainly in favor of preliminary approval.

        1.      **<u>Litigation Through Trial Would be Complex, Costly, and Long (*Grinnell* Factor 1)</u>**

By reaching a favorable settlement prior to dispositive motions or trial, Plaintiffs seek to avoid significant expense and delay, and instead ensure recovery for the class. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd sub. nom. D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001). This case is no exception, with approximately 63 potential class members.

Although the Parties have already undertaken considerable time and expense litigating this matter, further litigation without settlement would necessarily result in additional expense and delay. Additional discovery would be required to establish liability and damages. The parties would have conducted further depositions in California, the parties would have deposed experts and further witnesses as part of class discovery, Plaintiffs would have moved for class certification pursuant to Fed. R. Civ. P. 23, and Defendants would have moved for class decertification, each at significant cost to the parties. A complicated trial would be necessary, featuring extensive testimony by Defendants' supervisors and employees, Plaintiffs, and class members and possibly expert testimony. Preparing and putting on evidence on the complex factual and legal issues at such a trial would consume tremendous amounts of time and resources

for both sides, as well as requiring substantial judicial resources to adjudicate the dispute. A trial of the damages issues, even on a representative basis, would be costly and would further defer closure. Any judgment would likely be appealed, thereby extending the duration of the litigation. The settlement, on the other hand, makes monetary relief available to class members in a prompt and efficient manner. Therefore, the first *Grinnell* factor weighs in favor of preliminary approval.

### 2. **The Reaction of the Class Has Been Positive (*Grinnell* Factor 2)**

Notice of the settlement and its details has not yet issued to the class. The Court should more fully analyze this factor after notice of the settlement issues and class members are given the opportunity to opt out or object. At this early stage in the process, given that the Plaintiffs have agreed to the terms of the settlement, this factor weighs in favor of preliminary approval.

### 3. **Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*Grinnell* Factor 3)**

Although preparing this case through trial would require many more hours of discovery work for both sides, the Parties have completed enough discovery to recommend settlement. The proper question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *Warfarin*, 391 F.3d at 537. "The pretrial negotiations and discovery must be sufficiently adversarial that they are not designed to justify a settlement . . . [but] an aggressive effort to ferret out facts helpful to the prosecution of the suit." *In re Austrian*, 80 F. Supp. 2d at 176 (internal quotation marks omitted).

The Parties' discovery here meets this standard. Plaintiffs' counsel conducted in-depth interviews with Plaintiffs to determine the hours that they worked, the wages they were paid, the nature of their daily activities, and other information relevant to their claims. Plaintiffs' counsel also conducted depositions of Hiro Matsumoto, the General Manager of Inakaya and person in

charge of wage and hour compliance. Defendants deposed each of the Named Plaintiffs. Plaintiffs received and reviewed thousands of pages of documents, including pay records, time sheets, personnel documents, and corporate documents. Therefore, this factor favors preliminary approval.

    **4.**    **Plaintiffs Would Face Real Risks if the Case Proceeded (*Grinnell* Factors 4 and 5)**

Although Plaintiffs believe their case is strong, it is subject to considerable risk as to liability and damages. In weighing the risks of establishing liability and damages, the Court "must only weigh the likelihood of success by the plaintiff class against the relief offered by the settlement." *In re Austrian*, 80 F. Supp. 2d at 177 (internal quotation marks omitted). A trial on the merits would involve significant risks to Plaintiffs because of the fact-intensive nature of proving liability under the FLSA and the NYLL, and in light of the defenses available to Defendants.

While Plaintiffs believe that they could ultimately establish Defendants' liability, to do so would require significant factual development. The main basis of Plaintiffs' claims is that employees were not provided a valid tip credit. However, upon review of Defendants' records, they did maintain contemporaneous tip records on behalf of employees in compliance with NYLL. In respect of a valid tip credit notice, although specific tip credit notices were not provided in writing, tipped employees did receive employee manuals and policies on the tip pooling arrangements. Whether such documents satisfied the tip credit notice requirements of FLSA and NYLL is subject to significant litigation risk. Plaintiffs' counsel are experienced and realistic, and understand that the resolution of liability issues, the outcome of the trial, and the inevitable appeals process are inherently uncertain in terms of outcome and duration. The

proposed settlement alleviates these uncertainties. This factor therefore weighs heavily in favor of preliminary approval.

5. **Establishing a Class and Maintaining It Through Trial Would Not Be Simple (*Grinnell* Factor 6)**

The risk of maintaining class certifications through trial is also present. In opposing final class certification, Defendants would likely argue that [for Defendants' input]. Defendants would likely argue that such individualized, fact-bound questions preclude class certification. Risk, expense, and delay permeate such processes. Settlement eliminates this risk, expense, and delay. This factor favors preliminary approval.

6. **Defendants' Ability to Withstand a Greater Judgment (*Grinnell* Factor 7)**

Defendants are able to withstand a greater judgment. Even if Defendants are able to withstand a greater judgment, their ability to do so, "standing alone, does not suggest that the settlement is unfair." *Frank*, 228 F.R.D. at 186 (quoting *In re Austrian*, 80 F. Supp. 2d at 178 n.9).

7. **The Settlement Fund Is Substantial, Even in Light of the Best Possible Recovery and the Attendant Risks of Litigation (*Grinnell* Factors 8 and 9)**

Defendants have agreed to settle this case for a substantial amount, $150,000. This settlement amount represents a good value given the attendant risks of litigation, even though the recovery could be greater if Plaintiffs and the class succeeded on all claims at trial and survived an appeal.

The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Frank*, 228 F.R.D. at 186

(quoting *In re Austrian*, 80 F. Supp. 2d at 178). "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id.* (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)).

Here, each class member will receive a payment that is proportional to the duration of his or her employment at Defendants during the class period. Weighing the benefits of the settlement against the risks associated with proceeding in the litigation, the settlement amount is reasonable.

\* \* \*

The *Grinnell* factors all weigh in favor of granting preliminary approval of the settlement. In the event that a substantial number of objectors come forward with meritorious objections, the Court may reevaluate its determination. Because the settlement, on its face, is "'fair, adequate, and reasonable, and not a product of collusion,'" *Frank*, 228 F.R.D. at 184 (quoting *Joel A. v. Giuliani,* 218 F.3d 132, 138-39 (2d Cir. 2000)), the Court should grant preliminary approval.

## II. The Proposed Notice Is Appropriate

### A. The Proposed Notice Satisfies Due Process

The content of the Proposed Notice, which is attached to the Lee Declaration as Exhibit B, fully complies with due process and Federal Rule of Civil Procedure 23. Pursuant to Rule 23(c)(2)(B), the notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;
(vi) the time and manner for requesting exclusion; and
(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The Proposed Notice here satisfies each of these requirements. Additionally, it describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. Accordingly, the detailed information in the Proposed Notice is more than adequate to put Class Members on notice of the proposed settlement and is well within the requirements of Rule 23(c)(2)(B). Courts have approved class notices even when they provided only general information about a settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"). The Proposed Notice far exceeds this bare minimum and fully complies with the requirements of Rule 23(c)(2)(B).

### B. The Notice Plan and Award Distribution Process Are Appropriate

The Settlement Agreement provides that notice will be mailed to the last known address of each class member within twenty days of this Court's Order Granting Preliminary Approval. Defendants will provide the Settlement Administrator with an electronic class list from which to send the Notice. Plaintiffs will take reasonable steps to obtain the correct address of any class member whose notice is returned as undeliverable and re-send it to the most recent addresses available.

The Proposed Notice contains information about how to exclude oneself and/or object to the settlement. Class Members will have 45 days from the date of mailing to submit opt-out

requests or object to the settlement. Within 15 days of the Effective Date of the Settlement, the Settlement Administrator will mail class members their payments.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court: (1) preliminarily approve the Settlement Agreement and Release; and (2) approve the Proposed Notice and authorize its distribution.

Dated: February 27, 2013
       New York, New York                                Respectfully submitted,

                                         **LEE LITIGATION GROUP, PLLC**

                                   By: */s/ C.K. Lee*
                                         C.K. Lee, Esq.
                                         30 East 39th Street, 2nd Floor
                                         New York, New York 10016
                                         Telephone: (212) 465-1188